UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:01CR73 HEA |
| | ) | |
| TYRESE D. HYLES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MERMORANDUM AND ORDER**

On June 23, 2021, this Court entered its Opinion, Memorandum and Order, [Doc. No. 712] denying Defendant's original Motion for Compassionate Release, [Doc. No. 694]. On April 1, 2022, the Court entered its Opinion, Memorandum and Order, [Doc. No. 736], denying Defendant's Second Motion for Compassionate Release, [Doc. No. 721]. On February 3, 2023, the Court denied Defendant's Motion for Reconsideration of the second denial, [Doc. No. 760]. On March 2, 2023, the Eighth Circuit Court of Appeals affirmed the denial. On April 10, 2023, the Eighth Circuit issued its mandate on the Judgment. This is now before the Court on Defendant's Motions for Relief re: First Step Act, [Doc. No.'s 773 and 776] and Defendant's Supplemental Reply Motion, [Doc. No. 806]. For the reasons set forth below, the Motions are denied.

**Background**

Defendant is serving two life consecutive sentences without parole after being convicted by a jury of conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958 and murder for hire in violation of 18 U.S.C. § 1958.

The procedural background of this matter is fully set out in the original order denying Defendant's motion and will not be restated herein except as necessary for the purposes of this decision.

Defendant is currently in custody at the FCI Yazoo Med., Yazoo City, Mississippi. See Federal Bureau of Prisons Inmate Locator, https: //www. bop.gov/ inmateloc/ (last visited September 28, 2026). He is serving two consecutive life sentences. *Id*.

Defendant, age 50, again asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues U.S.S.G. § 1B1.13(b)(6)(c) and U.S.S.G. § 1B1.13(b)(5) afford him the grounds upon which he should receive a compassionate release.

**Discussion**

As the Court has previously observed, generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the

court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant's arguments have been previously addressed and found to be unpersuasive. There has been no change in the law which would entitle Defendant to a compassionate release. Indeed, even if there had been a change in the law, the Supreme Court in *Rutherford v. United States*, ___ U.S.___, 146 S.Ct. 1320 (2026) precludes Defendant's argument regarding a change in the law.

Moreover, Defendant's new arguments identifying neuroscience research regarding less than full reasoning until 25 years of age do not overcome the fact that Defendant was not a juvenile at the time of the conspiracy to commit murder of a witness against him. He was 24 years of age. The conspiracy was hatched to avoid the decedent's testimony against him for other crimes for which he was charged. Such a plot demonstrates reasoning ability calculated to avoid punitive measures against Defendant. This Court has, on several occasions, articulated its reasoning for denying Defendant's previous motions. Nothing in Defendant's fourth filing establishes that these concerns are no longer valid.

**Conclusion**

Based upon the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's Motions for Relief re: First Step Act, [Doc. No.'s 773 and 776] and Defendant's Supplemental Reply Motion, [Doc. No. 806], are **DENIED.**

Dated this 28th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE